UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE C. ELEBY, | No. 2:18-cv-2032 DB P |
| Plaintiff, | |
| v. | ORDER |
| J. BEARD, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. (ECF Nos. 1, 5). This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1)(B).

For the reasons stated herein, the court shall grant plaintiff's motion to proceed in forma pauperis. In addition, the court shall dismiss the complaint with leave to amend.

**I.   IN FORMA PAUPERIS APPLICATION**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (See ECF No. 5). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in

accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

////

most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

## III. PLEADING STANDARD

### A. Generally

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

### B. Linkage Requirement

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in Section 1983 suits). Since a government official cannot be held liable under a theory of vicarious liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Id. at 676.

Liability may be imposed on supervisory defendants under Section 1983 only if the supervisor: (1) personally participated in the deprivation of constitutional rights or directed the violations or (2) knew of the violations and failed to act to prevent them. Taylor, 880 F.2d at 1045. A sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation permits supervisorial liability. Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (citing Thompkins v. Bell, 828 F.2d 298, 303-304 (5th Cir. 1987)). Defendants cannot be held liable for being generally deficient in their supervisory duties.

## IV. PLAINTIFF'S COMPLAINT

### A. Plaintiff's Claims

Plaintiff, an inmate housed at the Deuel Vocational Institution ("DVI") at the time of the incidents in question (see ECF No. 1 at 8), alleges that his First, Eighth and Fourteenth Amendment rights were violated by defendants J. Beard, J. Price, J. Lewis, C.M. Heck, M. Contreras and C. Stottenberg[1]. Plaintiff states that after his primary care physician had determined that he suffered from a testicular condition called "large bilateral hydroceles," treatment for the ailment was intentionally delayed. (See id. at 1-3, 8-10). He asserts that the delay in receiving and/or the denial of access to medical care in October 2015 was due to a "system" created in October 2015 by the "CRC Norco Medical Department." (See id. at 10).

---

[1] Plaintiff states that at the time the instant complaint was filed, defendant J. Beard was the Secretary of the California Department of Corrections and Rehabilitation; that defendant J. Price was the Warden at DVI; that defendant J. Lewis was the Deputy Director of Policy and Risk Management Services at DVI; that defendant C.M. Heck was a Health Program Specialist II at DVI, and that defendants M. Contreras and C. Stottenberg were Health Care Appeals Coordinators at DVI. (See ECF No. 1 at 1-2, 8-9).

4

Construing the complaint liberally (see Jenkins, 395 U.S. at 421), plaintiff contends that this system, perpetuated by defendants, constituted deliberate indifference and cruel and unusual punishment in violation of his Eighth Amendment rights, which caused him additional injury and left him in "extreme pain, on-going [sic] to November 15, 2016." (See generally ECF No. 1 at 18, 23) (brackets added). Plaintiff further asserts that this led to a need for medical attention. (See id. at 23).

Plaintiff also appears to argue that defendants deprived him of his due process rights as well as his right to meaningful access to courts under the First Amendment when they prevented him from filing grievances related to his medical treatment, in violation of state regulations regarding the processing of administrative appeals. (See ECF No. 1 at 15-16). He argues that defendants "[had] a duty to process [his] appeal to the first level[,] but [they] continually decided to 'screen out' or refuse to answer his appeal for specific 'erroneous' reasons . . . ." (Id. at 16) (brackets added) (parentheses omitted). He generally alleges that defendants' actions were retaliatory in nature. (See id. at 15-16).

Ultimately, plaintiff contends that defendants' actions and/or inaction effectively made the administrative appeals system unavailable to him. For this reason, plaintiff argues, it was futile for him to exhaust at the third level of review. (See ECF No. 1 at 19). Plaintiff further argues that because defendants had the opportunity to review his appeals but refused to do so in violation of his constitutional rights, they will not be prejudiced should the court consider this action. (See generally id. at 19-20).

**B.     Relief Requested**

Plaintiff seeks the following relief from the court: (1) a declaration that defendants' acts and omissions violated his constitutional rights; (2) preliminary and permanent injunction directing defendants to refrain from engaging in retaliatory action against him for exercising his First Amendment rights; (3) a protective order; (4) compensatory damages in the amount of $1,000,000.00 from each defendant both jointly and severally; (5) punitive damages in the amount of $1,000,000.00 from each defendant; (6) costs of the suit, and (7) any additional relief

////

5

the court deems just, proper and equitable. (See ECF No. 1 at 20-22). Plaintiff would also like to have a jury trial. (See id. at 21).

## V. DISCUSSION

At the core of plaintiff's complaint are two claims: (1) denial of access to courts in violation of the First and Fourteenth Amendments, and (2) deliberate indifference to serious medical need in violation of the Eighth Amendment. As currently presented, neither states a claim upon which relief may be granted.

### A. Access to Courts Claim

#### 1. Administrative Appeals

Plaintiff's claim that his First and Fourteenth Amendment rights were violated when defendants actively chose not to review and/or cancelled his administrative appeals (see ECF no. 1 at 10-17) fails to state a claim upon which relief may be granted for several reasons. First, actions taken when reviewing administrative appeals cannot serve as the basis for liability on a Section 1983 claim. See Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).

Second, to the extent plaintiff asserts that his First Amendment right to access to courts and his Fourteenth Amendment right to due process were violated when defendants Heck, Lewis, Contreras and Stottenberg rejected his administrative appeals, which in turn, affects his ability to proceed in this court (see generally ECF No. 1 at 15-16), this argument fails. This is because plaintiff does not have a protected liberty interest in an error-free appeals process. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (stating inmates lack separate constitutional entitlement to specific prison grievance procedure); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

Furthermore, plaintiff does not have a constitutional right to have defendants apply certain state regulatory exceptions to his administrative appeals process or to apply them in a particular way, either. Thus, plaintiff's largely redundant additional assertion that the standard administrative appeals rules should not have been applied to his case because he discovered

////

////

6

additional information about his condition after the statutory period during which he should have filed his treatment-related administrative appeals (see generally ECF No. 1 at 10)[2] fails as well.

Finally, to the extent that plaintiff is arguing that defendants improperly applied certain state statutory regulations to his administrative appeals or that they improperly rejected his appeals (see ECF No. 1 at 10-20), a state's violation of its own laws does not create a cognizable federal claim. See Cousins v. Lockyer, 568 F.3d 1063, 1070 (9th Cir. 2009) (citation omitted) (stating no Section 1983 liability for violation prison policy). Moreover, a litigant may not transform a state law issue into a federal one by asserting a violation of due process. See Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996).

In sum, plaintiff's access to courts arguments are incorrect, and they fail to state claims upon which relief may be granted.

### 2. Retaliation

Plaintiff also makes a cursory, factually unsupported allegation that defendants retaliated against him because he filed grievances. (See ECF No. 1 at 15-16). However, plaintiff has failed to meet the threshold requirements of a Section 1983 action and related federal case law, namely, those of identifying specific defendants, of linking each of them to specific acts or inaction, and of identifying the specific resulting harm he experienced. See generally 42 U.S.C. 1983; see also Jones, 297 F.3d at 934; see also Ortez, 88 F.3d at 809. Therefore, to the extent that plaintiff intended to raise a separate retaliation a claim in this action, this argument – as currently written – fails.

For these reasons, plaintiff's access to courts and due process claims, as presented, are not cognizable. Plaintiff will, however, be given the opportunity to amend them in an amended complaint should he choose to do so.

### B. Deliberate Indifference Claim

Plaintiff's deliberate indifference claim is also not cognizable. At the core of this claim is

---

[2] This is a liberal construction of what is a very convoluted argument on plaintiff's part. If this is not what plaintiff intended to argue, he must clarify what he meant to assert in any amended complaint he may file.

that plaintiff was not properly and/or timely treated for his testicular condition. (See generally ECF No. 1 at 10, 18) (stating system created in October 2015 kept plaintiff in chronic pain until November 15, 2016). Once again, however, in direct contravention of Section 1983 threshold requirements, plaintiff fails to identify which specific defendants failed to treat him for his condition and/or pain and when. (See generally id.). On the contrary, based upon the stated occupations of each of the defendants (see id. at 1-2, 8-9), none of them are medical professionals who plaintiff states failed to properly treat his condition and/or its resulting pain during the periods in question. (See generally id.). Consequently, on the face of the complaint, none of the named defendants would have been responsible for treating plaintiff's medical conditions. Further, none of them could have been responsible for any chronic pain and/or deterioration in health plaintiff experienced due to lack of treatment.

Additionally, to the extent that plaintiff intends to impute deliberate indifference liability to the named defendants as supervisors (see ECF No. 1 at 8-9), as stated earlier, government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 556 U.S. at 676. Rather, for any of the claims against the named defendants who are supervisors to be cognizable, plaintiff must attribute some affirmative act or omission to each one of them that demonstrates a violation of plaintiff's federal rights. See id. at 676.

Given these findings, plaintiff's Eighth Amendment claim of deliberate indifference is not cognizable. Plaintiff will, however, be given the opportunity to amend this claim as well.

### VI. OPTIONAL LEAVE TO AMEND

Plaintiff is being given the opportunity to amend the complaint. If plaintiff chooses to file an amended complaint, it will take the place of the original complaint. See Lacey v. Maricopa Cty., 693 F.3d 896, 925 (9th Cir. 2012) (amended complaint supersedes original). Any amended complaint should observe the following:

An amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is

legally required to do that causes the alleged deprivation).  An amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).  Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint.  See L.R. 220 (E.D. Cal. 2009).  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent."), overruled on other grounds by Lacey v. Maricopa Cty., 693 F.3d 896 (2012).

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 5) is GRANTED;

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith;

3.  Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend, and

4.  Within thirty days of the date of service of this order, plaintiff shall file a first amended complaint.  Failure to file an amended complaint within the time allotted may result in the dismissal of this action for failure to prosecute and/or failure to obey a court order.  See Fed. R. Civ. P. 41(b); see also L.R. 110.

Dated:  April 13, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER.CIVIL RIGHTS/eleb2032.scrn.revd

9